UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MONROE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF RICHMOND,<br><br>　　　　　Defendant. | Case No. 14-cv-00795-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 10, 11, 13 |

## INTRODUCTION

Plaintiff Edward Monroe alleges that he was beaten up and falsely arrested by two police officers from the City of Richmond. He asserts nine causes of action against Richmond: four seeking relief under 42 U.S.C. Section 1983 and five alleging state-law causes of action for battery, assault, false arrest, violence based on race, and interference with civil rights through threats. Prior to filing suit, however, the California Government Code requires that a plaintiff serve a municipality with notice of his claims. The question I must decide on Richmond's motion to dismiss is whether Monroe's notice sufficiently put Richmond on notice of the state-law causes of action for false arrest (seventh cause of action), violence based on race (eighth cause of action), and interference with civil rights through threats (ninth cause of action). Because it did not, I GRANT Richmond's motion to dismiss the seventh, eighth and ninth causes of action WITH PREJUDICE.

## BACKGROUND[1]

Monroe, an African-American, alleges that on June 11, 2013, his wife called the police to investigate a dispute between a couple that lived next door to Monroe. Compl. ¶ 11 [Dkt. No. 1]. The boyfriend that was involved in the dispute fled to his mother's apartment, which was above

---

[1] I assume the truth of Monroe's allegations at this pleadings stage.

1   Monroe's apartment. *Id*. Two Richmond police officers (presumably the officers who responded
2   to the call), waited outside of Monroe's apartment. Monroe exited his apartment after getting into
3   a verbal dispute with his wife. *Id*. Upon exiting his apartment, the first police officer, who was
4   Caucasian, grabbed Monroe and pushed him back into his apartment. Monroe asked the officer
5   not to push him and informed the officers that he was leaving his apartment. The officers began to
6   beat up Monroe inside his apartment. The Caucasian officer punched Monroe in the face,
7   breaking his face cartilage, and wrestled Monroe to his bed. Monroe tried to get away from the
8   first officer. The second officer, who was African-American, stopped him while the first officer
9   caught Monroe from behind and slammed him into the shower. The second officer kicked
10  Monroe in his ribs. The first officer handcuffed Monroe and led Monroe to the police vehicle,
11  slamming him into the fence along the way. *Id*.

12  Monroe was driven to the police station. *Id*. After taking Monroe out of the police car, the
13  second officer slammed Monroe's head into a concrete wall. At some point, one of the officers
14  told Monroe that he was being arrested for resisting arrest. *Id*.

15  The following day Monroe was transported to the Martinez County Jail. His face swelled
16  and he was in excruciating pain. *Id*. ¶ 12. "His eye swelled up as the character in Rocky did
17  before the eye was cut open by the trainer in that movie." *Id*. Monroe was examined by a jail
18  nurse and was then taken to the Martinez county hospital. *Id*. A physician diagnosed Monroe
19  with nasal bone fracture, medial orbital blowout fracture, facial subcutaneous air, and left chest
20  wall contusion.

21  Monroe was released from the hospital and transported back to jail. *Id*. ¶ 13. After three
22  days in jail, Monroe was released from custody. *Id*. As of the date of his complaint, no criminal
23  charges have been filed against Monroe. *Id.*

24  As required by the California Government Code Section, before filing suit, Monroe filed a

tort claim with Richmond on July 29, 2013.[2] *Id*. ¶ 4; Richmond Request for Judicial Notice, Ex. A [Dkt. No. 11-1]; Monroe Request for Judicial Notice, Ex. A [Dkt. No. 13-1]. It states:

> D) Circumstances that led to injury:
>
> Two Richmond police officers came to Mr. Monroe's apartment. On [sic] police officer punched Mr. Monroe in the face. Mr. Monroe was beaten by the police both inside and outside his apartment.
>
> E) Medical Treatment:
>
> Mr. Monroe received medical care at Contra Costa Regional Medical Center, 2500 Alhambra Avenue, Martinez, California. He was diagnosed with the following injuries: Nasal bone fracture, medial orbital blowout fracture, facial subcutaneous air, and left chest contusion. As a courtesy, I have attached Mr. Monroe's medical records.
>
> F) Amount of Claim:
>
> This matter is an unlimited civil case. Mr. Monroe's damages are in excess of $25,000.00.

Dkt. Nos. 11-1, 13-1. Richmond denied Monroe's tort claim on September 17, 2013. Compl. ¶ 4.

After Monroe filed suit, Richmond moved to dismiss the seventh, eighth and ninth causes of action. Monroe's counsel did not appear at the scheduled argument on May 14, 2014.

## LEGAL STANDARD

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The complaint "does not need detailed factual allegations," but instead only needs enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." *Oklevueha Native Am.*

---

[2] Both Richmond and Monroe request that the Court take judicial notice of the Notice of Presentation of Tort Claims filed by Monroe with Richmond on July 29, 2013. Dkt. Nos. 11, 13. Because the notice is incorporated into Monroe's complaint, I GRANT their requests and take judicial notice of Monroe's Notice of Presentation of Tort Claims at Docket Numbers 11-1 and 13-1.

*Church of Haw., Inc. v. Holder*, 676 F.3d 829, 834 (9th Cir. 2012).  If a motion to dismiss is granted, a court should normally grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts.  *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).

## DISCUSSION

Before a plaintiff can file suit against a public entity for money or damages, the California Government Code requires that the claim be presented to, and rejected by, the public entity.  *See* Cal. Govt. Code §§ 905, 911.2, 950.2; *see also Nguyen v. Los Angeles County Harbor/UCLA Medical Center*, 8 Cal. App. 4th 729, 732 (1992) ("The presentation of a claim to a public entity and its rejection are prerequisites to maintaining suit against the entity. Failure to comply with the mandatory requirements is fatal to the cause of action.").  "The purpose of the claim requirements is to provide a public entity with sufficient information to enable it to investigate and evaluate the merits of claims, assess liability, and, where appropriate, to settle claims without the expense of litigation." *Nguyen*, 8 Cal. App. 4th at 732.

A claim shall include "a general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim."  Govt. Code. § 910(d).  A complaint "is vulnerable to a demurrer if it alleges a factual basis for recovery which is not fairly reflected in the written claim." *Nelson v. State of California*, 139 Cal. App. 3d 72, 79 (Cal. Ct. App. 1982).  Where a complaint alleges more than one cause of action against a public entity, "each cause of action must have been reflected in a timely claim." *Id*.

Monroe argues that the claim he filed with Richmond satisfied the Government Code because his "complaint and his claim are predicated on the same fundamental facts (the Richmond police officers mistreatment of him)." Opp. at 4.  They are not.  The claim merely states that:

> Two Richmond police officers came to Mr. Monroe's apartment.  On [sic] police officer punched Mr. Monroe in the face. Mr. Monroe was beaten by the police both inside and outside his apartment.

Dkt. No. 11-1.  That is wholly different from the allegations of false arrest (seventh cause of action), violence based on race (eight cause of action), and interference with civil rights through

threats (ninth cause of action) in the complaint. The claim says nothing about Monroe being arrested, being beat up because of his race, or having his civil rights interfered with through threats. The claim did not enable Richmond to "investigate and evaluate the merits" of those claims and therefore did not satisfy the California Government Code.

Monroe also argues that the "medical records [attached to Monroe's claim] clearly showed that plaintiff was in custody and savagely beating up someone in his home is clearly a violation of that person's civil rights and he was in custody." But the medical records do not state what Monroe's theories of recovery are and the Government Code does not require Richmond to anticipate what Monroe's claims might be; it is Monroe's responsibility to state his claims.

## CONCLUSION

Richmond's motion to dismiss is GRANTED. Dkt. No. 10. Monroe's causes of action for false arrest (seventh cause of action), violence based on race (eighth cause of action), and interference with civil rights through threats (ninth cause of action) are DISMISSED WITH PREJUDICE. The parties' requests for judicial notice are GRANTED. Dkt. Nos. 11, 13.

**IT IS SO ORDERED**.

Dated: May 22, 2014

_____
WILLIAM H. ORRICK
United States District Judge