UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD MONROE,

    Plaintiff,

  v.

L. GRIFFIN, et al.,

    Defendants.

Case No. 14-cv-00795-WHO

**ORDER ON MOTIONS IN LIMINE**

Re: Dkt. Nos. 54, 61

This is a civil rights action. Plaintiff Edward Monroe accuses defendants Robert Branch and Lance Griffin (police officers employed by the City of Richmond) of violating his federal constitutional and state statutory rights by arresting him without probable cause and by using excessive force against him. Both parties move in limine to exclude various pieces of evidence from the trial set for September 28, 2015. Dkt. Nos. 54, 61. Having considered the parties' submissions, their arguments at the pretrial conference on September 4, 2015, and other relevant materials, I rule on the motions as follows:

**I.     MONROE'S MOTIONS IN LIMINE**

    **A.     Monroe's MIL No. 1: exclude evidence of prior arrests**

Monroe moves to exclude evidence of his prior arrests as irrelevant and unfairly prejudicial. Monroe Mot. at 3-4 (Dkt. No. 54). He does not identify the particular arrests he seeks to exclude, but defendants state that he has been arrested numerous times and identify the following specific arrests:

- February 10, 2002 – domestic battery
- September 21, 2002 – spousal battery
- January 8, 2003 – possession of narcotics
- November 10, 2003 – corporal injury to spouse

1     • May 19, 2004 – corporal injury to spouse

2     • February 8, 2005 – corporal injury to spouse

Defendants Opp. at 2 (Dkt. No. 64). Defendants argue that evidence of these arrests is admissible under Rule 404 because they are relevant (1) to show Monroe's "bias against the police" and "motive to bring this action against the defendants;" and (2) to enable the jury to assess Monroe's "overall life experience" in determining how much to award in emotional distress damages for the incident at issue here. *Id.* at 3-4.

Under Rule 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Under Rule 404(b)(2), however, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Rule 404 recognizes that evidence of bad acts, when offered to prove that a person acted in accordance with his character, "is of slight probative value and may be very prejudicial" in that it allows "the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened." *United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007) (internal quotation marks omitted).

Evidence of Monroe's prior arrests – each of which occurred more than ten years ago – is of negligible probative value with respect to Monroe's alleged "bias against the police" and "motive to bring this action against the defendants." It is not admissible on this ground given its potentially highly unfairly prejudicial nature. *See* Fed. R. Evid. 403; *see also Barber v. City of Chicago*, 725 F.3d 702, 714 (7th Cir. 2013) ("Presenting a section 1983 plaintiff's criminal history to the jury presents a substantial risk that the jury will render a defense verdict based not on the evidence but on emotions or other improper motives, such as a belief that bad people should not be permitted to recover from honorable police officers.").

Defendants' other relevance theory for Monroe's prior arrests also fails. It is true that a number of courts have held that a section 1983 plaintiff's prior arrests and incarcerations may be relevant to the issue of emotional distress damages resulting from the claimed deprivation of

2

constitutional rights. *See Wisdom v. Undercover Police Officer No. C0127*, 879 F. Supp. 2d 339, 342 (E.D.N.Y. 2012) (bifurcating false arrest trial upon finding that plaintiff's prior arrests were relevant to damages but unfairly prejudicial with respect to liability); *Cicero v. City of New York*, No. 11-cv-00360, 2011 WL 3099898, at *4 (E.D.N.Y. July 25, 2011) ("[D]etails of plaintiff's prior arrests may be relevant to assessing his emotional injuries in the pending litigation.") (internal quotation marks omitted); *Brooks v. Haggett*, No. 07-02615-MEJ, 2010 WL 4226693, at *8 (N.D. Cal. Oct. 21, 2010) ("Defendant is correct . . . that the jury cannot decide how much distress to attribute to a particular incident in a vacuum. Accordingly, subject to a limiting instruction that the information can be used only in determining plaintiff's damages, defendant can elicit testimony that plaintiff has a history of prior police encounters."); *Hazle v. Crofoot*, No. 08-cv-02295, 2010 WL 2509355, at *3-4 (E.D. Cal. June 17, 2010) (denying plaintiff's motion to exclude various prior arrests and convictions on the ground that "plaintiff's prior incarcerations are relevant to the extent he claims damages for mental suffering") (internal quotation marks and alterations omitted); *Green v. Baca*, 226 F.R.D. 624, 657 (C.D. Cal. 2005) (agreeing that "the fact that plaintiff has been incarcerated on a number of prior occasions, and the length of those periods of incarceration, is relevant to the jury's consideration of the damages he is entitled to recover in this case," but prohibiting defendants from introducing "evidence of the nature of the convictions that gave rise to the incarcerations"); *see also Halvorsen v. Baird*, 146 F.3d 680, 686 (9th Cir. 1998) (in section 1983 action based on plaintiff's confinement in a detox facility, holding that district court did not err in admitting evidence of plaintiff's confinement in the same detox facility about one year before the incident at issue, as "[t]he jury could reasonably conclude that his mental distress the second time he was so confined would be far less than the first time").

But courts have also recognized that prior arrests and incarcerations may only be admitted for the purpose of countering a section 1983 plaintiff's emotional distress damages claim where they are substantially similar to those at issue, and where the court conducts a prejudice analysis under Rule 403. *See Dyson v. Szarzynski*, No. 13-cv-03248, 2014 WL 7205591, at *5-6 (N.D. Ill. Dec. 18, 2014) (excluding prior arrest evidence where neither party produced a comprehensive list of plaintiff's prior arrests or "facts that might allow the court to differentiate between these prior

3

arrests," and "the risk of unfair prejudice to [plaintiff] is considerable if prior arrest evidence is admitted without the door being opened first"); *Betts v. City of Chicago, Ill.*, 784 F. Supp. 2d 1020, 1025-27 (N.D. Ill. 2011) ("Given the high risk of prejudice presented by evidence of [plaintiff's] prior arrests, this court declines to admit this evidence without empirical evidence establishing that the probative value of this evidence outweighs the risk of prejudice.") (internal footnote omitted); *Moore v. City of Chicago*, No. 02-cv-05130, 2008 WL 4549137, at *1 (N.D. Ill. Apr. 15, 2008) (excluding evidence of prior arrests where defendants "put forth no evidence that plaintiff's earlier arrests were in any way similar to the one at issue here," and "no evidence that plaintiff's earlier arrests were alleged to have been false, or that she was subject to excessive force"); *Brandon v. Vill. of Maywood*, 179 F. Supp. 2d 847, 855 (N.D. Ill. 2001) (excluding evidence of prior arrests where there was "no indication that either of [the] previous arrests involved similar facts, so their probative value is quite low," and "the risk of unfair prejudice to the defendant [was] quite serious"); *see also Halvorsen*, 146 F.3d at 686-87 ("If a person's damages are, 'I was extremely upset by the event,' then evidence of *similar events* before and after the one at issue may support an inference that part or all the distress was attributable to the other events.") (emphasis added).

In addition, the Seventh Circuit has questioned the basic assumption that a *lawful* arrest and/or incarceration is necessarily probative of the emotional distress caused by a separate *unlawful* encounter with police. In *Barber*, the Seventh Circuit held that the district court erred in admitting the section 1983 plaintiff's subsequent felony conviction for the limited purpose of assessing the plaintiff's emotional distress damages. The Seventh Circuit emphasized the differences "between being arrested with and without excessive force," and "between being falsely arrested on one occasion and being rightfully arrested (and rightfully convicted) on another occasion." 725 F.3d at 713. It observed that "a person may suffer emotional distress from being falsely arrested and held for mere hours while suffering no or minimal emotional distress (or emotional distress of a different kind) after being rightfully arrested, convicted, and incarcerated." *Id.*

Similarly, in *Sanchez v. City of Chicago*, 700 F.3d 919 (7th Cir. 2012), the Seventh Circuit

4

stated: "Given [plaintiff's] allegation that he was manhandled (and worse) by the officers . . . , the fact that he had been arrested on multiple occasions before – presumably without excessive force – arguably does not undermine his claim of trauma. There is, after all, a material difference between being arrested and being subjected to excessive force in the course of that arrest." *Id.* at 931.

There is no indication here that Monroe's prior arrests are sufficiently similar to the incident at issue here to be admissible under Rule 403. Given their age, I find it implausible that additional information about the prior arrests will change that conclusion. Accordingly, rather than conduct mini-trials about each of the prior arrests, I GRANT this motion in limine. Monroe is advised that if he opens the door to evidence of the prior arrests – for example, by framing his emotional distress claim in a broad manner that seeks to "blam[e] defendants for all of the misery in his life," *Barber*, 752 F.3d at 713 – defendants may seek to introduce such evidence, and I will reconsider this ruling.

### B.     Monroe's MIL No. 2: exclude evidence of prior conviction

Monroe moves under Rules 403, 404, and 609 to exclude evidence of his 2002 conviction for misdemeanor domestic violence in violation of California Penal Code § 273.5. Monroe Mot. at 5-7. Defendants argue that evidence of the conviction, like evidence of Monroe's prior arrests, is relevant to show Monroe's bias against the police and motive to bring this action, and to counter Monroe's claim for emotional distress damages. Defendants Opp. at 6.

This motion is GRANTED. Rule 609 provides in relevant part:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>
> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement.

5

> (b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609.

Monroe's 2002 conviction and subsequent release from confinement occurred more than ten years ago. Accordingly, the conviction is only admissible for the purpose of attacking Monroe's character for truthfulness if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609. This standard is not satisfied here.

The conviction is also inadmissible to show Monroe's bias against the police or motive to bring this action, or to counter his claim for emotional distress damages. For the reasons discussed above with respect to his prior arrests, the potential for unfair prejudice from the conviction far outweighs its probative value with respect to either of these relevance theories, and it is not admissible under Rule 403.

### C. Monroe's MIL. No. 3: exclude evidence of prior requests for restraining orders

Monroe moves under Rules 404 and 403 to exclude evidence of his spouse's prior requests for restraining orders against him. Monroe Mot. at 8-9. Monroe states that although his spouse had requested restraining orders in the past, no hearing on her requests was ever held, and no restraining order was ever imposed. *Id.* Defendants again argue that evidence of the prior requests for restraining orders, like evidence of Monroe's prior arrests and conviction, may be admitted to show Monroe's bias against the police and motive to bring this action, and to counter Monroe's claim for emotional distress damages. Defendants Opp. at 8-10.

This motion is GRANTED. Like evidence of Monroe's prior arrests and conviction, evidence of his spouse's prior requests for restraining orders has the potential to be highly unfairly

1  prejudicial, and its connection to Monroe's alleged bias/motive and his claim for emotional
2  distress damages is particularly attenuated. The evidence is not admissible under Rule 403.

## II. DEFENDANTS' MOTIONS IN LIMINE

### A. Defendants' MIL No. 1: exclude evidence that Monroe was not prosecuted

Defendants move to exclude, as irrelevant, evidence that Monroe was not prosecuted in connection with the events underlying his arrest. Defendants Mot. at 4-6 (Dkt. No. 61). Monroe responds that this evidence is relevant with respect to his damages claim, as he "had to wait one year before he could feel secure that the prosecutor would do the right thing and not file charges against him."[1] Monroe Opp. at 2-3 (Dkt. No. 63).

Evidence that Monroe was not prosecuted may not be used to establish defendants' liability. The Ninth Circuit has held that "[e]vidence of an acquittal is not generally admissible in a subsequent civil action between the same parties since it constitutes a negative sort of conclusion lodged in a finding of failure of the prosecution to sustain the burden of proof beyond a reasonable doubt." *Borunda v. Richmond*, 885 F.2d 1384, 1387 (9th Cir. 1988).

However, given the year-long delay before the charges against Monroe were dropped, evidence that he was not prosecuted may be relevant to his emotional distress damages. If accompanied by an appropriate limiting instruction, evidence of an acquittal may be introduced in a section 1983 action for the purpose of establishing the plaintiff's damages claim. *Id.* at 1388-89 (affirming district court's admission of state court acquittals "for the purpose of showing that the plaintiffs incurred damages in the form of attorneys' fees in successfully defending against the state criminal charges," although stating that "the admission of such evidence may under certain . . . circumstances constitute an abuse of discretion"); *see also Torres v. City of Santa Clara*, No. 13-cv-01475-PSG, 2014 WL 4145509, at *5 (N.D. Cal. Aug. 20, 2014) (evidence of acquittals "may not be admitted to prove up facts upon which the acquittals were based, but might be admissible to prove another issue in dispute) (internal quotation marks omitted); *Jimenez v. Sambrano*, No. 04-cv-01833, 2010 WL 55307, at *1 (S.D. Cal. Jan. 6, 2010) (evidence of

---

[1] "[P]rosecution for an offense not punishable by death or imprisonment in the state prison . . . shall be commenced within one year after commission of the offense." Cal. Penal Code § 802(a).

7

plaintiff's acquittal "is not admissible to prove whether plaintiff assaulted defendants," but "if accompanied by an appropriate limiting instruction, the evidence may be admissible for another purpose").

Monroe has identified a permissible purpose for the evidence that he was not prosecuted. Subject to a specifically tailored limiting instruction, it may be introduced at trial. Accordingly, this motion is DENIED.

By September 21, 2015, the parties shall submit a joint proposed limiting instruction to be read to the jury in conjunction with this evidence. If agreement is not possible, the parties shall submit, by the same date, their respective versions of the limiting instruction and a brief, joint letter describing the basis for their disagreement.

### B. Defendants' MIL No. 2: exclude evidence of other wrongs or acts by defendants

Defendants move under Rules 404 and 403 to exclude evidence of other wrongs or acts by the arresting officers. Defendants Mot. at 8-10. Defendants also seek to exclude such evidence for impeachment purposes. *Id.*

At oral argument, defense counsel stated on the record that this is a boilerplate motion that was included out of routine, and that there is no evidence of other relevant wrongs or acts by defendants. Monroe does not dispute that there is no such evidence relevant to this case.

Accordingly, this motion is DENIED AS MOOT.

### C. Defendants' MIL No. 3: bifurcate trial into liability phase and punitive damages phase

Defendants seek to bifurcate the trial into a first phase regarding liability and entitlement to punitive damages, and then, if necessary, a second phase regarding the amount of punitive damages. Defendants Mot. at 11-13. Defendants state that bifurcation is warranted because defendants will be prejudiced by evidence regarding their personal net worth, which is relevant to the amount of any punitive damages award. *Id.* Monroe does not oppose the motion. Monroe Opp. at 1.

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues,

claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). The rule "confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings" *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (internal quotation marks omitted).

The Ninth Circuit has observed that "the normal procedure is to try compensatory and punitive damage claims together with appropriate instructions to make clear to the jury the difference in the clear and convincing evidence required for the award of punitive damages." *Id.* at 1021; *see also Diorio v. Cnty. of Kern*, No. 11-cv-01569, 2013 WL 2458377, at *2 (E.D. Cal. June 6, 2013) (in section 1983 action, declining to bifurcate the punitive damages issue); *Hopkins v. Bonvicino*, No. 05-cv-02932-JSW, 2011 WL 995961, at *2 (N.D. Cal. Mar. 21, 2011) (same); *Robinson v. Delgado*, No. 02-cv-01538-NJV, 2010 WL 1838866, at *4 (N.D. Cal. May 3, 2010) (same).

Nevertheless, courts trying section 1983 cases in this circuit often bifurcate the punitive damages issue. *See, e.g., Saenz v. Reeves*, No. 09-cv-00057, 2013 WL 2481733, at *1 (E.D. Cal. June 10, 2013); *James v. Wilber*, No. 08-cv-00351, 2012 WL 6607290, at *1 (E.D. Cal. Dec. 18, 2012); *Henderson v. Peterson*, No. 07-cv-2838-SBA, 2011 WL 2838169, at *15-16 (N.D. Cal. July 15, 2011); *Brooks*, 2010 WL 4226693, at *6.

In light of Monroe's nonopposition, and given that bifurcation here does not raise serious efficiency concerns, as the same jury that decides liability and entitlement to punitive damages may also decide the amount of punitive damages, this motion is GRANTED. Per the California state court procedure, if the jury returns a verdict for Monroe and finds that he is entitled to punitive damages, then the same jury will consider the amount of punitive damages to award. *See* Cal. Civ. Code § 3295; *see also Cuc Dang v. Sutter's Place, Inc.*, No. 10-cv-02181-RMW, 2012 WL 6203203, at *4 (N.D. Cal. Dec. 12, 2012) (following the California state court procedure in bifurcating punitive damages issue). Evidence of defendants' financial condition will only be admissible in the second phase of the trial.

**D.    Defendants' MIL No. 4: exclude testimony of Roger Clark**

Defendants move to exclude the testimony of Monroe's expert witness, Roger Clark, on

the ground that his testimony includes "opinions on witness credibility" and "inadmissible ultimate issue expert opinions." Defendants Mot. at 14.

Under Rule 704, an expert opinion "is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704. "However, an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1065-66 n.10 (9th Cir. 2002); *accord Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008).

Courts have held that an expert's use of "judicially defined" and "legally specialized" terms constitutes an expression of opinion on an ultimate issue of law. *Wiles v. Dep't of Educ.*, No. 04-cv-00442, 2008 WL 4225846, at *1 (D. Haw. Sept. 11, 2008) (prohibiting expert witness from using "deliberate indifference" and "other judicially defined and/or legally specialized terms" while testifying); *see also Valtierra v. City of Los Angeles*, No. 13-cv-07562, 2015 WL 1644894, at *6 (C.D. Cal. Apr. 13, 2015) (excluding expert's testimony that "the use of force was 'excessive' or 'unreasonable,' under the circumstances," but allowing expert's opinions to "be explored through hypothetical questioning so as to avoid invading the province of the jury"); *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 558 (C.D. Cal. 2014) (prohibiting expert witness in food labeling case from using the terms "false" and "deceptive" on the ground that "his use of these terms constitutes the offering of an improper legal opinion"); *Estate of Bojcic v. City of San Jose*, No. 05-cv-3877-RS, 2007 WL 3314008, at *3 (N.D. Cal. Nov. 6, 2007) ("[W]hile [plaintiff's expert] may freely opine that [the officer] should not have acted in the manner that he did, or that he should have done something else, he should not be asked for or volunteer an opinion that [the officer] acted unconstitutionally or exercised 'excessive force.' This order does not bar [plaintiff's expert] from using the terms 'reasonable' or 'unreasonable' in his testimony, but both the questions posed to him and his answers should avoid language in the form of a legal conclusion.").

This motion is GRANTED IN PART and DENIED IN PART. Having reviewed Clark's expert report, I find that some, but not all, of Clark's testimony should be excluded. Much of his report analyzes whether defendants complied with applicable procedures on the night of the incident. *See, e.g.,* Garcia Decl. Ex. B at 8 (Dkt. No. 61-1) ("Mr. Monroe never qualified in this

1 incident as [a] criminal suspect of domestic violence . . . In my opinion, this should have . . . been
2 easily and quickly determined if Officer Branch had simply followed the required and expected
3 police response to the alleged suspicious noises he heard from inside the Monroe's residence.")
4 (internal emphasis omitted). Such testimony is admissible under Rules 702 and 704. *See*
5 *Halcomb v. Washington Metro. Area Transit Auth.*, 526 F. Supp. 2d 24, 27 (D.D.C. 2007)
6 ("[T]here is no doubt that under Rules 702 and 704 an expert may testify about applicable
7 professional standards and the defendants' performance in light of those standards.").

8 On the other hand, Clark frequently employs judicially defined and/or legally specialized
9 terms in expressing his opinions. *See, e.g.,* Garcia Decl. Ex. B at 9 ("In my opinion, when Officer
10 Branch pushed and hit Mr. Monroe in [the] face, the incident escalated into grossly unlawful,
11 unnecessary, and excessive violence."). When testifying, Clark must avoid use of such language,
12 as well as other language that constitutes legal conclusions, credibility determinations, or
13 otherwise "merely tell[s] the jury what result to reach." Fed. R. Evid. 704, Advisory Committee
14 Notes to 1972 Proposed Rules.

15 In addition, Clark may not testify that "there is no room for unprofessional, immature,
16 and/or hot-headed individuals in the law enforcement profession." Garcia Decl. Ex. B at 10. This
17 testimony will not "help the trier of fact to understand the evidence or to determine a fact in
18 issue," Fed. R. Evid. 702, and is thus inadmissible under Rule 702.

19 **IT IS SO ORDERED**.

20 Dated: September 9, 2015



WILLIAM H. ORRICK
United States District Judge